**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:                                                                                     CASE NO: 8:17-bk-00519-CPM
                                                                                           CHAPTER 7
MARIZE VELOSO NGUYEN,

     Debtor
_____/

**THE BANK OF NEW YORK MELLON, AS TRUSTEE FOR CIT**
**MORTGAGE LOAN TRUST 2007-1'S MOTION FOR RELIEF FROM THE**
**AUTOMATIC STAY TO ENFORCE FINAL JUDGMENT OF FORECLOSURE**
(Re: 11763 Linden Drive, Spring Hill, Florida 34608)

---

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

**Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.**

**If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 801 N. Florida Avenue, Suite 555, Tampa, FL 33602-3899 and serve a copy on the movant's attorney, Reka Beane, Esq., at Brock & Scott, PLLC, 1501 NW 49th Street, Suite 200 Ft. Lauderdale, FL 33309, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.**

**If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

---

The Bank of New York Mellon, as Trustee for CIT Mortgage Loan Trust 2007-1 ("Movant"), its successors and assigns by and through its undersigned counsel, files this *Motion for Relief from the Automatic Stay*, and in support thereof states as follows:

1.    The Court has jurisdiction over this matter pursuant to 11 U.S.C. § 362, Fed. R. Bankr. P. 4001(a) and the various other applicable provisions of the United States Bankruptcy

B&S File No. 14-F08949                                         1 of 3

Code, Federal Rules of Bankruptcy Procedure and the laws of the United States of America.

2. The Debtor filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code on January 23, 2017.

3. Movant holds a *Final Judgment of Foreclosure,* dated September 15, 2016, in the amount of $149,001.91 (the "Judgment") against the Debtor's real property located at 11763 Linden Drive, Spring Hill, FL 34608 (the "Property"), which is legally described as:

> **LOT 16, IN BLOCK 460, OF SPRING HILL, UNIT 8, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 8, PAGES 27 THROUGH 37, INCLUSIVE, OF THE PUBLIC RECORDS OF HERNANDO COUNTY, FLORIDA**

A true copy of the Judgment is attached hereto as **Exhibit A**.

4. The Property has not been claimed exempt by the Debtor. The Property has not been abandoned by the Trustee.

5. According to the Hernando County Property Appraiser, the Just Value of the Property is $77,333.00. See Property Appraiser Valuation attached hereto as **Exhibit B**.

6. Movant's interest in the Property is being significantly jeopardized by the Debtor's failure to satisfy the Judgment while Movant is prohibited from pursuing its lawful remedies to enforce the Judgment. Thus, the Debtor has failed to adequately protect the interest of Movant.

7. Therefore, Movant maintains that cause exists pursuant to 11 U.S.C. § 362(d)(1) for the automatic stay to be lifted.

8. Pursuant to 11 U.S.C. § 362(e), Movant requests that, in the event a hearing is necessary, said hearing be held within thirty (30) days.

9. Movant has incurred attorneys' fees of $750.00 and costs of $181.00 as a result of

the necessity of filing this Motion.  Said fees and costs are recoverable as part of the debt pursuant to the loan documents but shall not be a personal liability of the Debtor.

10. Movant requests that the Court waive the fourteen (14) day stay set forth in Bankruptcy Rule 4001(a)(3), so that Movant can pursue its *in rem* remedies without further delay.

WHEREFORE, Movant respectfully requests that the automatic stay be lifted so that Movant may be permitted to protect its security interest in the Property outside the bankruptcy forum; that in the event a hearing is necessary, said hearing be held within thirty (30) days; that Movant's attorneys' fees and costs incurred prosecuting this Motion be recoverable as part of the debt pursuant to the loan documents under the remedies available therein but shall not be a personal liability of the Debtor; that Movant be permitted to contact the Debtor for the reasons stated; that the fourteen (14) day stay set forth in Bankruptcy Rule 4001(a)(3) be waived; and such other and further relief as the Court may deem just and proper.

**I HEREBY CERTIFY** that a true copy hereof has been served electronically or via U.S. mail, first-class postage prepaid, to: Marize Veloso Nguyen, 6276 Barclay Avenue, Brooksville, FL 34609-8714; David Thorpe, Esq., The Thorpe Law Firm PA, 7819 N Dale Mabry Hwy, Suite 108, Tampa, FL 33614; Beth Ann Scharrer, Trustee, PO Box 4550, Seminole, FL 33775-4550; United States Trustee - TPA7/13, Timberlake Annex, Suite 1200, 501 E Polk Street, Tampa, FL 33602, this 21st day of March, 2017.

> BROCK & SCOTT, PLLC
> Attorney for Movant
> 1501 NW 49th Street, Suite 200
> Ft. Lauderdale, FL 33309
> Phone: (813) 251-4766 Ext: 4719
> Fax: 954-618-6954
> Floridabklegal@Brockandscott.com
>
> /s/ Reka Beane
> _____
> REKA BEANE, ESQUIRE
> Florida Bar No. 0052919

Instr #2016052203 BK: 3397 PG: 223, Filed & Recorded: 9/20/2016 8:57 AM CAS Deputy Clk, #Pgs:4
Don Barbee Jr, Clerk of the Circuit Court Hernando CO FL

**EXHIBIT A**

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR HERNANDO COUNTY, FLORIDA

| | |
|---|---|
| The Bank of New York Mellon, as Trustee for CIT Mortgage Loan Trust 2007-1, | GENERAL JURISDICTION DIVISION |
| Plaintiff, | Case No. 14001261CAAXMX |
| vs. | |
| Marize Nguyen; Unknown Spouse of Marize Nguyen; Clerk of the Court, Hernando County, Florida; RKF Holdings, LLC, | |
| Defendants. | |

## CONSENT FINAL JUDGMENT

### (120 DAY SALE DATE)

THIS ACTION was heard before the Court on Plaintiff's Final Judgment on September 15, 2016. On the evidence presented

IT IS ADJUDGED that:

1. Plaintiff, The Bank of New York Mellon, as Trustee for CIT Mortgage Loan Trust 2007-1, 16745 W. Bernardo Dr., Suite 300, San Diego, California 92127, is due:

| | |
|---|---|
| Principal | $106,724.72 |
| Interest to date of this judgment | $28,380.85 |
| Deferred Interest | $1,713.72 |
| Title Search Expense | $45.00 |
| Taxes 2014 | $736.35 |
| Taxes 2015 | $748.52 |
| Homeowner's Insurance | $2,016.25 |
| Attorneys' fees | |
|    Finding as to reasonable attorney number of hours: 9.4hrs @215.00hr | |
|    Finding as to reasonable legal assistant number of hours: 9.4hrs @85.00hr | |
|    Flat Fee:*$3,120.00 | |

FILED FOR RECORD
DON BARBEE CLERK
HERNANDO COUNTY, FL
2016 SEP 15 PM 2: 47

---

* The requested attorney's fee is a flat rate fee that the firm's client has agreed to pay in this matter. Given the amount of the fee requested and the labor expended, the Court finds that a lodestar analysis is not necessary and that the flat fee is reasonable.

14001261CAAXMX

| | |
|---|---|
| Attorneys' fees total | $5,940.00 |
| Court costs, now taxed | |
| Complaint Filing | $953.00 |
| Service of Process | $830.00 |
| Publication, Notice of Action | $129.00 |
| Non-Resident Cost Bond | $111.50 |
| Mediation | $150.00 |
| Recording, Lis Pendens | $14.50 |
| Other: | |
| BPO | $118.50 |
| Property Inspection | $390.00 |
| **TOTAL** | **$149,001.91** |

that shall bear interest at the rate of 4.84 % a year.

2. Plaintiff holds a lien for the total sum superior to all claims or estates of defendants, on the following described property in Hernando County, Florida:

LOT 16, IN BLOCK 460, OF SPRING HILL, UNIT 8, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 8, PAGES 27 THROUGH 37, INCLUSIVE, OF THE PUBLIC RECORDS OF HERNANDO COUNTY, FLORIDA

3. If the total sum with interest at the rate described in paragraph 1 and all costs accrued subsequent to this judgment are not paid, the clerk of this court shall sell the property at public sale on Jan 24, 2017, to the highest bidder for cash, except as prescribed in paragraph 4, at the courthouse located at 20 N. Main Street, Room 245 in Hernando County in Brooksville, Florida, in accordance with section 45.031, Florida Statutes, using the following method (CHECK ONE):

☑ At the Hernando County Courthouse, Room 245, Brooksville, FL 34601, beginning at 11:00 AM on the prescribed date.

☐ By electronic sale beginning at ____ on the prescribed date at _____.

4. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title. If plaintiff is the purchaser, the clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

5. On filing the certificate of title the clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of plaintiff's costs; second, documentary stamps affixed to the certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this court.

6. On filing the certificate of sale, defendants and all persons claiming under or against defendants since the filing of the notice of lis pendens shall be foreclosed of all estate or claim in

14001261CAAXMX

the property, except as to claims or rights under chapter 718 or chapter 720, Florida Statutes, if any. Upon the filing of the certificate of title, the person named on the certificate of title shall be let into possession of the property.

7. Jurisdiction of this action is retained to enter further orders that are proper including, without limitation, a deficiency judgment, if permissible.

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, 20 N. MAIN STREET, ROOM 245, BROOKSVILLE, FLORIDA 34601 WITHIN 10 DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT COMMUNITY LEGAL SERVICES OF MID-FLORIDA, INC., 51 WEST FORT DADE AVE., BROOKSVILLE, FL 34601 AT (352) 796-7238 TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT COMMUNITY LEGAL SERVICES OF MID-FLORIDA, INC. FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

ORDERED at Brooksville, Florida, on Sept 15, 2016.

_____
Circuit Court Judge

14001261CAAXMX

Copies furnished:

Samuel F. Santiago, Esq.
Brock & Scott, PLLC
Attorney for Plaintiff
1501 NW 49th Street, Suite 200
Ft. Lauderdale, FL 33309

Marize Nguyen
c/o David Thorpe, Esq.
7819 North Dale Mabry Highway, Suite 108
Tampa, FL 33614
pleadings@thorpelawfirm.com

Unknown Spouse of Marize Nguyen
11763 Linden Drive
Spring Hill, FL 34608

Clerk of the Court, Hernando County, Florida
20 North Main Street, Room #134
Brooksville, FL 34601

RKF Holdings, LLC
c/o James N. Powell, as Registered Agent
1210 One Progress Plaza
Saint Petersburg, FL 33701



9/16/16

14001261CAAXMX

**EXHIBIT B**

# John C. Emerson, CFA
# HERNANDO COUNTY PROPERTY APPRAISER
### "To Serve and Assess With Fairness"

**\*\*Street Level photos may not be available if structure is not visible from road.**

2016 Final Tax Roll

Parcel Key: 00279077    Parcel #: R32 323 17 5080 0460 0160

### Owner Information
Owner Name: NGUYEN MARIZE
Mailing Address: 11763 LINDEN DR SPRING HILL FL 34608-5953

### Property & Assessment Values
Building: $66,689
Features: $2,144
Land: $8,500
AG Land: $0
Market: $77,333
Assessed: $67,784
Exempt: $42,784
Capped: $67,784
Excl Cap: $0
Taxable: $25,000



279077  05/16/2014

### Property Information
Site Address: 11763 LINDEN DR
Description: SPRING HILL UNIT 8 BLK 460 LOT 16 ORB 354 PG 495
DOR Code: (01) SINGLE FAMILY
Levy Code: CWES    Sec/Tnshp/Rng: 30-23-18
Subdivision: SPRING HILL UN 8 (5080)
Neighborhood: SPRING HILL UN 8 (5080)

### Tax Information
AdValorem: $517.04
NONAdValorem: $260.48
Total For 2016: $777.52
Total For 2015: $779.71
Total For 2014: $767.03
Total For 2013: $764.36

Real Time Tax Info    Pay Taxes On-line

### Land Breakdown

| Land Use | Units | Value |
|---|---|---|
| RESIDENTIAL/SQFT RATE | 10,000.00 SQUARE FEET | 8,500 |

### Sales Breakdown

| Sale Date | Book/Page | Deed Type | Vacant/Improved | Qualification | Sale Price | Grantee |
|---|---|---|---|---|---|---|
| 05/31/2001 | 1425/1468 | WD | I | Q | $86,200 | NGUYEN MARIZE |
| 03/22/2000 | 1425/1462 | WD | V | D | $100 | STURGILL DAVID H & TERESA C |
| 03/22/2000 | 1330/1848 | WD | V | D | $4,500 | STURGILL DAVID H TTEE |
| 03/21/2000 | 1330/1846 | WD | V | D | $7,200 | FABBRI CHESTER & FAYE |
| 12/01/1982 | 514/1746 | CD | V | Q | $1,066 | FABBRI CHESTER & FAYE |
| 03/01/1981 | 4800/247 | WD | V | Q | $5,000 | TONI EMILY |
| 01/01/1980 | 452/1790 | WD | V | Q | $3,000 | KINKEL THAYER M + JOAN D |
| 01/01/1980 | | | | D | $0 | CATANZARO JEAN |

### Building Characteristics

| Bldg # | Description | Year Built | Area (Base/Aux) | Bed/Bath | Value |
|---|---|---|---|---|---|
| 1 | SINGLE FAMILY RESIDENCE(01) | 2001 | 1468/430 | 3/2 | $66,689 |

**NOTE:** All S.F. Calculations are based on *exterior* building dimensions

### Extra Features

| Bldg# | Description | Actual Year | Dimensions | Current Value |
|---|---|---|---|---|
| 1 | PATIO, CONCRETE (PT2) | 2001 | 190 Square Feet | $380 |
| 1 | PATIO, CONCRETE (PT2) | 2001 | 32 Square Feet | $64 |
| 1 | PAVEMENT, CONCRETE WALKS/DRIVE (PV1) | 2001 | 624 Square Feet | $1,248 |
| 1 | PAVEMENT, CONCRETE WALKS/DRIVE (PV1) | 2001 | 126 Square Feet | $252 |
| 1 | PAVEMENT, CONCRETE WALKS/DRIVE (PV1) | 2001 | 100 Square Feet | $200 |

### Addresses
11763 LINDEN DR

### Businesses

| Name | TPP PIN | TPP Key | Date Filed | Date Audit | Levy Code | NAICS | Ent Zone | Curr Val | Last Yr Val | 2 Yrs Ago |
|---|---|---|---|---|---|---|---|---|---|---|

No Matching Records Found or the Information is Exempt per Florida Statute(s).