**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:                                             Case No.: 8:17-bk-00519-CPM
                                                   Chapter 7

Marize Veloso Nguyen,


Debtor(s)                        /

## MOTION TO APPROVE COMPROMISE OF CONTROVERSY

---

NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless party-in-interest files a response within 21 days from the date set forth on the proof of service attached to this paper plus an additional three days for service if any party was served by U.S. Mail.

If you object to the relief requested in this paper, you must file a response with the Clerk of the Bankruptcy Court, 801 N. Florida Avenue, Suite 555, Tampa, FL 33602-3899 and serve a copy on the movant's attorney (Brad W. Hissing, Esq., Wetherington Hamilton, P.A., 1010 N. Florida Avenue, Tampa, Florida 33602), and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

Beth Ann Scharrer, Chapter 7 Trustee (Trustee), by and through the undersigned counsel, hereby gives notice to parties in interest, pursuant to Rule 9019 of the F.R.B.P., and seeks authority of the Court for approval of the following proposed compromise between the estate and David Beckner ("Beckner"). The Trustee further moves for an Order directing that service of any Order on this Motion be limited to the Debtor, the Debtor's attorney, the Chapter 7 Trustee, the Chapter 7 Trustee's attorney, the U.S. Trustee and other parties to the proposed transaction, and objecting party, if any, and in support says:

1.  Bankruptcy Case Background:

The Debtor filed a Chapter 7 bankruptcy case on January 23, 2017.  Property of the bankruptcy estate at the time that the Debtor filed the bankruptcy case included the Debtor's interest in a 2013 Toyota Highlander ("Vehicle") and a fractional 30% interest in two (2) lots of unimproved real estate located on Devil Dog Drive in Brooksville, Florida ("Devil Dog Lots"). The Debtor stated on her Schedules that the Vehicle had a value of $19,050.00 and was subject to a lien in favor of Beckner in the amount of $23,000.00.  The Debtor also stated on her Schedules that the Debtor's interest in the Devil Dog Lots had a combined value of $26,268.60 (30% of $87,562.00) and that the Devil Dog Lots were subject to a mortgage lien in favor of Beckner in the total amount of $29,000.00 (mortgage of $14,500.00 per lot).  Neither the Vehicle nor the Devil Dog Lots were claimed as exempt and therefore these items are property of the bankruptcy estate subject to administration by the Trustee.

2.  The Controversy:

The Trustee believes that the lien in favor of Beckner on the Vehicle is avoidable as a preferential transfer pursuant to Section 547 of the Bankruptcy Code[1].  Further, the Trustee believes that Beckner's mortgage lien on the Devil Dog Lots may be avoidable pursuant to Sections 547 or Sections 548 of the Bankruptcy Code as either a preferential transfer or fraudulent transfer.

3.  Compromise:

Beckner will pay the sum of $21,000.00 into the bankruptcy estate within fourteen (14) days of the date of the Order, if any, approving this compromise of controversy, if he has not

---

[1]The Trustee filed adversary proceeding 8:17-ap-00370-CPM against Beckner on May 1, 2017 to avoid the lien on the Vehicle.

already paid this sum by the date of the Order.  The Trustee will dismiss adversary proceeding 8:17-ap-00370-CPM with prejudice after receipt and verification of the settlement funds and entry of an Order, if any, approving this compromise of controversy.

4.    Best Interest of the Estate:

The compromise between the parties permits the Trustee to avoid the burden, expense, and uncertainty of litigation or issues in this case and allows all of the parties to resolve fully and with certainty all issues surrounding Beckner's lien on the Vehicle and asserted mortgage lien on the Devil Dog Lots.  The Trustee believes that the proposed resolution is in the best interests of the creditors of the estate as it will lead to a significant distribution to creditors who have filed timely claims[2] and further respectfully requests that the Court approve the settlement set forth above.

Respectfully submitted,

WETHERINGTON HAMILTON, P.A.

/s/ Brad W. Hissing

_____
Brad W. Hissing, Esquire
Florida Bar #854794
1010 North Florida Ave.
Tampa, FL 33602
(813) 225-1918 (813) 225-2531 (fax)
bwhpleadings@whhlaw.com

---

[2]Based upon the claims filed as of the bar date, the Trustee estimates that unsecured creditors will receive a full or nearly full distribution.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served as follows:

By email transmission via CM/ECF on the same date as reflected on the Court's docket as the electronic filing date for the document to:

Beth Ann Scharrer, Trustee, bscharrertrustee@gmail.com
United States Trustee USTPRegion21.TP.ECF@USDOJ.GOV
David Thorpe, Esq., david@thorpelawfirm.com

AND

By U.S. first class mail on June 28, 2017 to:
Marize Veloso Nguyen, 6276 Barclay Avenue, Brooksville, FL 34609-8714
David Beckner, 6276 Barclay Avenue, Brooksville, FL 34609-8714
and all other parties as set forth on the attached Mailing Matrix.

/s/ Brad W. Hissing

Brad W. Hissing, Esquire